UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:20-cv-0520 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On August 27, 2021, plaintiff filed a state court form entitled, "Request for Civil Harassment Restraining Orders." (ECF No. 36.) Defendants filed a motion to strike plaintiff's request because it is filed on a state court form, is confusing, and is also incomplete because it did not include the form required in section 11 (ECF No. 36 at 5). In the alternative, defendants argue that plaintiff's claims are speculative, without any evidentiary support, and the court has no jurisdiction over Officer Ehlers, who is not a party to this action. Plaintiff did not file a reply.

The undersigned is persuaded that plaintiff's filing on the state court form should be stricken. "Civil harassment" under California state law does not address the elements of a request for temporary restraining order filed in federal court, and, even liberally construed, plaintiff's allegations do not address all of the pertinent elements for seeking such relief in federal court. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).

1

1 Rather, plaintiff is advised that the following standards govern a request for temporary
2 restraining order filed in federal court.

3 A temporary restraining order may issue upon a showing "that immediate and irreparable
4 injury, loss, or damage will result to the movant before the adverse party can be heard in
5 opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order
6 ("TRO") is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l. Sales
7 Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is
8 substantially identical for the injunction and the TRO, we do not address the TRO separately.").

9 "A plaintiff seeking a preliminary injunction must establish that he "is likely to succeed
10 on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the
11 balance of equities tips in his favor, and . . . an injunction is in the public interest." Winter, 555
12 U.S. at 20. The Ninth Circuit has held that, even if the moving party cannot show a likelihood of
13 success on the merits, injunctive relief may issue if "serious questions going to the merits and a
14 balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary
15 injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and
16 that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d
17 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the
18 principles, preliminary injunctive relief should be denied if the probability of success on the
19 merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.
20 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be
21 shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting
22 Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))). The propriety of a request
23 for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in
24 nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). "A
25 preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S.
26 at 24 (citation omitted).

27 In cases brought by prisoners involving conditions of confinement, any preliminary
28 injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Therefore, because plaintiff's filing on the state court form fails to properly address a motion for restraining order filed in federal court, defendants' motion to strike is granted, but plaintiff is granted leave to renew his motion addressing the appropriate standards set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 39) is granted;

2. The Clerk of the Court shall strike plaintiff's motion (ECF No. 36); and

3. Plaintiff is granted leave to renew his motion based on the standards set forth above.

Dated: October 4, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0520.str