UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL, | No. 2:20-cv-0520 KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED DISCOVERY AND |
| J. JOHNSON, et al., | SCHEDULING ORDER |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Defendants move to compel the deposition of plaintiff and to modify the scheduling order. Plaintiff filed an opposition, as well as a request for safety protocols to be imposed during his next deposition. Defendants filed a reply, and oppose plaintiff's request. As discussed below, defendants' motion to compel plaintiff's deposition and to modify the scheduling order is granted, and plaintiff's request for safety protocols is denied.

Plaintiff's Complaint

This case proceeds on plaintiff's complaint, filed March 6, 2020, against defendants Johnson, Troja, Moktar, and Childs for alleged excessive force in violation of the Eighth Amendment; defendants Williamson and Flood for allegedly failing to protect plaintiff in violation of the Eighth Amendment; and alleged retaliation claims against defendants Johnson,

////

1

Troja, and Moktar in violation of the First Amendment; such incidents occurred at California State Prison, Sacramento, where plaintiff remains housed.  (ECF No. 1.)

Plaintiff's Request for Safety Protocols

Plaintiff requests that the following safety protocols be implemented during his next deposition:  defendants shall arrange for the prison litigation coordinator to meet with plaintiff at least one day before the deposition to ensure plaintiff has had adequate preparation time for the deposition; the deposition be provided in a safe and confidential area of the prison; prior to the deposition, defendants must provide plaintiff with all documents intended to be referenced at the deposition, at least one day prior; due to COVID-19, defendants shall ensure that CDCR staff carefully sanitize the area prior to plaintiff's arrival; during the deposition, plaintiff must have the ability to speak confidentially with counsel, and be deposed in a room with no other person present or able to overhear the deposition (correctional staff may observe plaintiff through glass so long as they cannot hear); if at any point during the deposition plaintiff determines that the remote nature of the deposition is interfering with plaintiff's ability to effectively communicate with defendants' counsel, plaintiff shall be allowed to contact the court expert to discuss appropriate accommodations; in order to reduce the risk of custody retaliation, defendants must follow "prison protocol ducat and escort procedures" for the deposition and deposition preparation;[1] defendants be required to monitor plaintiff's safety for 45 days following the deposition, by the prison, including weekly face to face meetings between plaintiff and the AW, and the result of such meetings be memorialized in a chrono; finally, in order to reduce the risk of COVID-19, all staff who interact with plaintiff during the deposition preparation and deposition shall wear a mask at all times and, to the extent possible, maintain at least six feet of distance from plaintiff.  (ECF No. 34 at 2-3.)

////

---

[1] For example, plaintiff requires no announcements over the loud speaker, rather, an associate warden ("AW") or higher authority shall discretely and personally provide plaintiff with a written statement that plaintiff approves explaining the purpose of the ducat; and the AW shall ensure effective communication of the ducat language and ensure plaintiff has all assistive devices prior to the deposition or deposition preparation.  (ECF No. 34 at 3.)

Motion to Compel Deposition

  Background

  On March 10, 2021, the undersigned issued a discovery and scheduling order granting defendants leave to depose plaintiff upon fourteen days' notice. (ECF No. 25 at 5.) On June 25, 2021, defendants noticed plaintiff's deposition for July 12, 2021, at California Medical Facility. (ECF No. 32 at 3, citing ECF Nos. 29 at 3; 29-1 at 2-3.) However, because plaintiff had since transferred back to California State Prison, Sacramento ("CSP-SAC"), counsel re-noticed plaintiff's deposition for July 12, 2021, at CSP-SAC. (ECF No. 29 at 3; 29-1 at 6-8.)

  On July 12, 2021, before the deposition could begin, plaintiff informed counsel that he did not receive the deposition notice until July 9, 2021, had not received his legal property, and was unprepared for the deposition. (ECF No. 32 at 3.) Defense counsel agreed to seek an extension of the discovery deadline, and the parties tentatively agreed to reschedule the deposition for August 2, 2021. (ECF No. 32 at 3.)

  After the court extended the discovery deadline, counsel re-noticed plaintiff's deposition and request for production of documents to take place on August 2, 2021. (ECF No. 32 at 4; 32-2 at 2-4.) Plaintiff appeared on August 2, 2021, for his deposition but refused to testify as to the substance of his claims.

  Governing Standards

  Any party may move for an order compelling the other party's participation in a deposition. Fed. R. Civ. P. 37(a). The undersigned possesses the authority to compel such participation. See 28 U.S.C. § 636(b)(1)(A); Local Rule 302(c)(1). That said, the Ninth Circuit has strictly construed the language of Federal Rule of Civil Procedure 37 to hold that, so long as a prisoner attends a deposition, his refusal to give deposition testimony does not constitute a "failure to appear" under Rule 37(d)(1)(A)(i) meriting dismissal as a sanction. Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995). Rather, in such situations, "the proper remedy is a court order to testify under Rule 37(a)." Estrada, 69 F.3d at 406.

////

////

Discussion

With their reply, defendants provided a rough draft of the court reporter's transcript from the August 2, 2021 deposition. (ECF No. 35-2.) On September 23, 2021, defendants lodged the certified deposition transcript. (ECF No. 41-2.) Initially, plaintiff objected that he could not proceed because he was again without his legal materials. (Id. at 8-9.) Yet plaintiff confirmed that he had possession of his legal materials on July 22, 2021, and by July 24, 2021, was prepared to have the discovery documents photocopied. (Id. at 7.) Plaintiff objected that while he was out to court on July 28, 2021, all of his legal materials were confiscated without issuing a receipt, and plaintiff was then moved to a different housing unit. Plaintiff now confirms that his legal property was returned to him on August 6, 2021. (ECF No. 33 at 14.) Thus, plaintiff once again had possession of his legal property for five days before his deposition.

The deposition testimony confirms that defendants' counsel agreed to postpone the document production, and also offered to refresh plaintiff's recollection as to his case by showing him his complaint on the shared screen, but plaintiff responded:

> That's not going to work for me, because I'm sitting up here in a[n] uncomfortable position, got a mask over my head, my hands are cuffed behind my back, I can't concentrate, I can't take down my notes, and I got officers -- like these depositions are supposed to be confidential, secured records, and they're not supposed to jeopardize my safety.
>
> You know, I don't know what's going to be asked of me and I don't know what's going to come out my mouth. But I'm not willing to chance it.
>
> So like I told you, that they have prior notice that this deposition was going to be taken and then it need to be in a confined area, confidential area. But yet they chose to escort me down here and put me in some back -- look like some type of storage room that they never took at deposition in.

(ECF No. 41-2 at 17-18.) Plaintiff, who admitted he has been deposed "at least 20 times," objected that the building officers who brought him to be deposed were not the usual deposition officers, i.e. Officers Davis and Vasquez, who "always conduct the depositions with the litigation coordinator directing it, making sure the area is secured. (ECF No. 41-2 at 15, 18.) Plaintiff objected that he has never before been deposed while handcuffed behind his back. (Id. at 9, 18.)

4

And with the officers present, plaintiff claimed that if he said anything during the "deposition that these officer[s] feel pose a threat to the safety and security, they're going to be obligated by law to report that and I'm going to be charged with a crime. [¶] So I'm not going to make any statements during this deposition that's going to . . . put these officers in a position to report me and get me another charge." (ECF No. 41-2 at 10.)

Counsel for defendants confirmed that the officers were present and plaintiff was handcuffed for security reasons, and tried to reassure plaintiff that counsel would only be asking plaintiff questions about the incidents at issue herein. (ECF No. 41-2 at 10, 18, 19.) Plaintiff responded that he did not feel comfortable, and that "[y]ou're not going to get no testimony out of me in front of these officers. That's not going to happen," objecting to "safety concerns." (ECF No. 41-2 at 11.)

Plaintiff specifically objected to the presence of Officer Ehlers, who has a "threat assessment" on plaintiff, and had just testified against plaintiff in criminal court where plaintiff was found guilty of battery.[2] (ECF No. 41-2 at 12.) Plaintiff objected that his safety was put at risk by being brought to this back room by an officer who just testified against plaintiff.

In his opposition, plaintiff points to his pending motion for temporary restraining order as "expressing safety concerns and retaliation in this matter," but the only specific allegation as to Officer Ehlers did not occur until August 20, 2021, after the August 2, 2021 deposition took place. Moreover, Officer Ehlers is not a party to this action. Contrary to plaintiff's belief, deposition testimony is not confidential; indeed, all or a part of plaintiff's deposition testimony is likely to be admitted into the public court record. In addition, because plaintiff was only going to be deposed concerning his allegations in this case, his speculation that such testimony might result in an additional charge is not well-taken. Plaintiff fails to demonstrate that the presence of Officer Ehlers presented a security risk to plaintiff on August 2, 2021.

////

---

[2] Plaintiff testified he was wearing a spit net because he was falsely charged with spitting on an officer on July 28, 2021. (ECF No. 41-2 at 9.)

5

Taking the entirety of the deposition testimony into consideration, and upon reading the parties' briefing, it is clear that a change in securing plaintiff occurred as a result of plaintiff's recent criminal battery conviction (whether based on false charges or not). In light of such recent conviction, the court defers to prison officials as to what security is needed at that time. That said, plaintiff should not be required to be deposed while handcuffed behind his back. Rather, plaintiff's non-dominant hand can be handcuffed while his dominant hand remains free to take notes.

Plaintiff's objection concerning his legal materials is not well-taken. His testimony confirms that he had possession of his legal materials for five days before the deposition was to take place, and had reviewed pertinent documents sufficiently to have them ready for copying early within that time period. In addition, defendants' counsel was prepared to refresh plaintiff's recollection by showing him his own pleading.

At bottom, plaintiff is required to sit for his own deposition, and good cause exists to grant defendants' motion. That said, the court orders that during the newly re-noticed deposition, plaintiff shall not be handcuffed behind his back. If the prison still finds plaintiff to be a security risk, staff may handcuff his non-dominant hand to the table or desk while leaving his dominant hand free to take notes. Defendants' counsel is encouraged to work with the litigation coordinator to ensure that such steps are taken, and to take such other steps as are necessary to complete this deposition, including counsel's continued efforts to ensure plaintiff has possession of his legal materials for the next deposition. Moreover, the parties are encouraged to contact the undersigned's courtroom deputy should similar difficulties arise in the next deposition. If the undersigned is available, he is willing to have a telephonic status conference to attempt to resolve such difficulties.

As for the broad and wide-ranging safety protocols plaintiff seeks, plaintiff's reliance on the protocols set forth for deponents in Armstrong v. Newsom, Case No. C94-2307 CW (N.D. Cal.), a counseled class action regarding systemic medical care, are not applicable here. This case was filed by plaintiff, without counsel, and he is subject to deposition upon reasonable notice.

////

Plaintiff does not provide competent evidence to demonstrate that such wide-ranging safety protocols are necessary for plaintiff to provide deposition testimony in support of his own action.

<u>Warning re Potential Sanctions</u>[3]

Plaintiff is again cautioned that he is required to sit for deposition and to cooperate in discovery. Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. <u>See</u> Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents). The Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," <u>Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 912 (9th Cir. 2003)).

<u>Motion to Modify Scheduling Order</u>

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d at 607).

---

[3] Plaintiff was previously cautioned "that he is required to cooperate in discovery, including sitting for deposition. Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. <u>See</u> Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order). Courts have dismissed pro se prisoner cases where the pro se plaintiff failed to submit to a deposition, finding, *inter alia*, that monetary sanctions were not feasible. <u>See, e.g.</u>, <u>Kindred v. Doe</u>, 2014 WL 793095, at *3 (C.D. Cal. Feb. 26, 2014) ("[U]nder the circumstances presented (i.e. plaintiff's pro per and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose."); <u>Meeks v. Nunez</u>, 2017 WL 908733 (S.D. Cal. March 8, 2017) (granting defendants' motion to terminating sanctions)." (ECF No. 30 at 2.)

The record amply demonstrates that counsel for defendants diligently attempted to timely depose plaintiff but was thwarted by circumstances outside counsel's control. Therefore, the motion to modify the scheduling order is granted. Discovery is re-opened for the sole purpose of deposing plaintiff.

<u>Motion to Vacate Scheduling Order Pending Motion to Dismiss</u>

After defendants lodged plaintiff's deposition transcript, defendants filed a motion to dismiss,[4] and now seek to vacate the court's scheduling order pending the court's decision on the motion to dismiss.

As set forth above, this court has "broad discretion in supervising the pretrial phase of litigation." <u>Johnson</u>, 975 F.2d at 607. The undersigned finds good cause to vacate portions of the scheduling order pending a final decision on defendants' motion to dismiss. Discovery is closed except for the deposition of plaintiff. The pretrial motions deadline is vacated. Following resolution of the pending motion to dismiss, if appropriate, a revised scheduling order will issue consistent with the orders herein.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel the deposition of plaintiff (ECF No. 32) is granted.

2. Plaintiff's request for safety protocols (ECF No. 34) is denied.

3. Defendants' motion to modify the scheduling order (ECF No. 32) is granted.

4. Defendants' motion to vacate the scheduling order (ECF No. 44) is partially granted.

5. The deadlines for taking plaintiff's deposition and for filing pretrial motions are vacated. Following resolution of defendants' motion to dismiss, the court will, if appropriate, issue a revised scheduling order.

////

////

---

[4] Defendants seek dismissal of this action based on plaintiff's alleged false statements on his request to proceed in forma pauperis, in light of his alleged receipt of $19,300.00 in income from three different settlement checks on May 30, 2019, as well as his recent deposition testimony that he has $200,000 to $300,000 in outside bank accounts; in the alternative, defendants request that plaintiff's in forma pauperis status be revoked, and plaintiff be required to pay the court's filing fee. (ECF No. 42.)

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

Dated: October 4, 2021

/howe0520.mtc.dep.41r

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE