UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:20-cv-0520 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| J. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Defendants' motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) or, alternatively, revoke plaintiff's in forma pauperis ("IFP") status is before the court. As discussed below, the undersigned recommends that defendants' motion be granted in part, and this action be dismissed without prejudice.

Plaintiff's Allegations

In his complaint, filed March 6, 2020, plaintiff alleges the following. Defendants Johnson, Troja and Moktar used excessive force on plaintiff on March 14, 2019, in retaliation for plaintiff filing a staff complaint against another correctional officer. Defendants Childs and Williamson responded to the subsequently-sounded alarm, and defendant Williamson ordered Childs to wipe the blood from plaintiff's head. Childs attempted to wipe the blood away with a towel, allegedly in an attempt to cover up the evidence of the battery, but the wound kept bleeding. Williamson told plaintiff medical would be called, but then tried to dissuade plaintiff

1

from reporting the excessive use of force. When medical arrived, plaintiff started explaining he had been assaulted, and defendant Childs began twisting plaintiff's left wrist, ordering plaintiff to shut his mouth. Defendant Flood was present, yet took no actions to stop Childs. When plaintiff appealed to Flood to tell Childs to stop twisting plaintiff's wrists, defendant Flood responded, "Well, shut the fuck up and stop telling!" (ECF No. 1 at 10.) Plaintiff seeks, *inter alia*, money damages.

Plaintiff's Application to Proceed In Forma Pauperis

On February 25, 2020, plaintiff signed an application to proceed IFP under penalty of perjury. (ECF No. 2 at 2.) In his application, plaintiff stated he was not employed, and denied receiving any money from any sources over the last twelve months. (ECF No. 2 at 1.) Plaintiff denied having any cash (including balances of checking or savings accounts), any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property, or any other assets. (ECF No. 2 at 2.) On March 10, 2020, a certified copy of plaintiff's trust account statement was filed by the CDCR, which reflected plaintiff had a balance of zero. (ECF No. 5.) On July 24, 2020, the undersigned granted plaintiff leave to proceed IFP. (ECF No. 8.)

Defendants' Motion to Dismiss

On September 28, 2021, defendants filed a motion to dismiss this action based on plaintiff's fraudulent application to proceed IFP or, in the alternative, to revoke plaintiff's IFP status. Contrary to plaintiff's allegation of poverty, defendants adduced evidence that plaintiff received $19,300 in three separate settlement checks on May 30, 2019, about nine months prior to signing his IFP application. In addition, during a recent deposition in another case, plaintiff testified that since at least 2013 he has two to three hundred thousand dollars in outside bank accounts, due to the sale of his books written while in prison.[1] Defendants contend that plaintiff's

---

[1] During his deposition in Howell v. Villarreal, Case No. 1:19-cv-1178 JLT EPG (E.D. Cal.), plaintiff testified under oath that he has accounts outside CDCR with balances totaling $200,000 to $300,000. Id., (ECF No. 65 at 3, citing ECF No. 54-1 at 1.) Plaintiff specifically testified that he purposely hides this money from CDCR because of "rules and regulations." Id. (ECF No. 65 at 3, citing ECF No. 54-1 at 3.) A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those

deliberate concealment of such income demonstrates his bad faith, warranting dismissal of this action without prejudice.

In his opposition, plaintiff concedes he received such settlement proceeds, but argues that such sums were obligated to cover his restitution obligations, and that he did not personally benefit from such payments. (ECF No. 48 at 1-2, 5.) Because the undersigned conducted the settlement conference in which plaintiff settled the case for $7,500, plaintiff argues that it is impossible to hide funds that the court already knows about. (ECF No. 48 at 7.)

Plaintiff argues that if the undersigned reviews plaintiff's entire deposition testimony in 1:19-cv-1178 JLT EPG, "the court will conclude that plaintiff did not testify under oath that . . . he has $200,000 - $300,000 in an outside (bank) account." (ECF No. 48 at 6.) Further, plaintiff argues that defendants' claims are based on events that took place from 2006 to 2013 and therefore were not relevant to plaintiff's IFP affidavit filed in this action. (ECF No. 48 at 9.) Moreover, plaintiff contends that the funds received from such book sales are controlled by plaintiff's family and friends, and "they do what they want to do. As long as they look out for plaintiff." (ECF No. 48 at 9.) Plaintiff clarified that however much money his family and friends make off plaintiff's books, plaintiff does not care, "as long as they look out for plaintiff while he's doing his prison time." (ECF No. 48 at 9.) Plaintiff claimed that he testified that his last book made a lot of money, but he could not say how much was actually made, claiming he is merely a third party who gets royalty checks. (ECF No. 48 at 10.)

Plaintiff contends that defendants misrepresent his statements; he did not testify under oath that he has $200,000 to $300,000 in outside (bank) accounts. (ECF No. 48 at 11.) Plaintiff concedes the money is his, but claims that he is a third party because the CDCR has rules and regulations prohibiting inmates from profiting from writing books. (Id.) While plaintiff conceded in the deposition that he probably has more than the $200-300,000, he "never confirm[ed] that the account is a 'bank' account." (Id.) Plaintiff then reiterates that his inmate trust account balance is zero.

---

proceedings have a direct relation to matters at issue") (internal quotation omitted).

Plaintiff provided a declaration in which he contends he is indigent, despite having written seven to eight books which he sent home to his family members to sell for the money. (ECF No. 48 at 29-30.) Plaintiff claims he has not received any direct money, payments or checks from such sales. Rather, plaintiff has a verbal agreement with his family members that they can sell the books and use the profits as they see fit, so long as they continue to order plaintiff monthly or yearly food, stationary and hygiene packages. (ECF No. 48 at 30.) Plaintiff confirms that a family member informed him that he has a savings account for an undisclosed amount which will be presented to plaintiff upon his release from prison, but that plaintiff has not received any savings account receipts or documents confirming such savings account. (Id.) Plaintiff claims he is not hiding money of any kind from the court. (ECF No. 48 at 31.)

In reply, defendants argue that plaintiff was required to disclose twelve months of income on his IFP application whether or not such funds were still available, and argue that the records from plaintiff's income trust account show the deposit of the settlement funds into his account. (ECF No. 49 at 3.) Plaintiff's failure to disclose such settlement proceeds constitutes material omissions on his application under penalty of perjury. (ECF No. 49 at 3.), citing Kennedy v. Hutbregtse, 831 F.3d 441, 443 (7th Cir. 2016) (prisoner applying for IFP status must disclose material facts for the court's consideration even if the court is likely to grant IFP status regardless of disclosure.)

Second, defendants argue that plaintiff was required to disclose any cash in checking or savings accounts, or any other financial instruments or other valuable property or assets, as specifically requested on the IFP application. (ECF No. 48 at 4.) Contrary to plaintiff's testimony in case No. 1:19-cv-1178 JLT EPG, plaintiff denied having any such assets in the IFP application filed herein. (ECF No. 2.) Defendants argue that plaintiff's failure to acknowledge his royalty checks managed by his family while plaintiff is incarcerated demonstrates his "bad faith on his part to purposely divert and hide the funds." (ECF No. 49 at 4.) Defendants note that plaintiff admits he and his family have used such funds to order packages and supplies for plaintiff. (ECF No. 49 at 5, citing ECF No. 48 at 30.) Defendants argue that such diversion allowed plaintiff to misrepresent the funds available to pay the court's filing fee, which amounts

to an abuse of the IFP system. Because plaintiff is an experienced litigator, familiar with the IFP system and who failed to report a considerable amount of income which he intentionally hides from the CDCR, defendants contend this action should be dismissed with prejudice or, in the alternative, plaintiff should be required to pay the court's filing fee in this case. (ECF No. 49 at 5.)

Governing Standards[2]

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). However, "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015).

> "Courts have not been totally uniform in their application of § 1915(e)(2)(A), but a close reading of the cases applying the statute reveals consistent considerations guiding the courts' analyses…. Consistent with [Escobedo], other courts have concluded that, where the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice, for example, revoking IFP and provid[ing] a window for the plaintiff to pay the filing fee. . . ." Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).

> "Courts that have declined to dismiss an action under § 1915(e)(2)(A) have generally based their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP application, and the absence of a showing of bad faith." Id. (collecting cases). "On the flip side, courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." Id. See also Steshenko v. Gayrard, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th

---

[2] In plaintiff's prior case, another magistrate judge reviewed plaintiff's August 28, 2019 application to proceed IFP in addressing a similar motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) or, in the alternative, to revoke plaintiff's IFP status. Howell v. Villarreal, Case No. 1:19-cv-1178 JLT EPG at 5-7 (E.D. Cal. Dec. 14, 2021). The undersigned has reviewed and finds persuasive the legal standards upon which such magistrate judge relied. In the interest of judicial economy, the undersigned recites such standards here.

> Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. Steshenko v. Albee, 691 F. App'x 869 (9th Cir. 2017).
>
> In determining whether a plaintiff acted in bad faith, a court may consider whether the plaintiff is an experienced litigator. See, e.g., Vann v. Comm'r of N.Y. City Dep't of Correction, 496 F. App'x 113, 115 (2d Cir. 2012) ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation."); Roberts v. Beard, 2019 WL 3532183, at *4 (S.D. Cal. Aug. 2, 2019) (relying, in part, on the fact that the plaintiff was an experienced litigant to dismiss the case pursuant to § 1915(e)(2)).

Howell v. Villarreal, No. 1:19-cv-01178-JLT-EPG at 5-7 (E.D. Cal. Dec. 14, 2021).

Discussion

As the magistrate judge found in plaintiff's prior civil rights action, plaintiff is an experienced litigator who intentionally withheld information from the court in his application to proceed IFP filed on March 6, 2020. Such withheld information demonstrates that plaintiff's allegation of poverty was untrue.

Defendants provided copies of the settlement checks plaintiff received but did not disclose in the IFP application filed in this action. (ECF No. 42-8, 9, 10.) Whether or not plaintiff received any benefit from such funds is not relevant; plaintiff was required to report such monies on the IFP application.

Plaintiff's own deposition testimony confirms that plaintiff wrote and transferred books to his family, who sold the books and are holding approximately $200,000 to $300,000 of such sale proceeds for plaintiff's benefit, "probably more." (ECF No. 42-11 at 69-70.) Plaintiff confirmed the money is his, despite it being held by family members. (Id. at 69.) Plaintiff failed to disclose such funds in his IFP application filed herein.

That plaintiff earned the proceeds of his book sales around 2013, prior to the filing of this action, does not change the outcome here. The IFP application form asked plaintiff about his assets, and despite acknowledging that on August 26, 2021, he had $200,000 to $300,000 held by family members for plaintiff's benefit, plaintiff failed to disclose such assets on his IFP application, signed under penalty of perjury. Such assets would preclude the court finding

6

plaintiff is entitled to proceed IFP because plaintiff could afford to pay the filing fee or give security. 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.").

Whether or not plaintiff's family members hold such funds in a bank account or a savings account is also not relevant. Plaintiff testified in his August 26, 2021 deposition, under oath, that he has $200,000 to $300,000, and that it is his money to which he has access. Where the funds are held is of no consequence.

Moreover, court records confirm that plaintiff is an experienced litigator. In addition to the prior case referenced above, plaintiff has filed numerous cases in which he proceeded IFP: Howell v. Burns, Case No. 1:18-cv-00311 (E.D. Cal.) (plaintiff granted IFP status; case settled); Howell v. Selliers, Case No. 1:18-cv-00420 (E.D. Cal.) (plaintiff granted IFP status; case settled); Howell v. Babb, Case No. 1:18-cv-00467 (E.D. Cal.) (plaintiff granted IFP status; case settled); Howell v. Alejo, 1:18-cv00825 (E.D. Cal.) (plaintiff granted IFP status; case settled); Howell v. Flores, 1:18-cv-00879 (E.D. Cal.) (plaintiff granted IFP status; case settled); Howell v. Randolph, 1:18-cv-01685 (E.D. Cal.) (plaintiff granted IFP status; case settled); Howell v. McConnell, 1:18-cv-01686 (E.D. Cal.) (plaintiff granted IFP status; case settled).

Because plaintiff is an experienced litigator who intentionally failed to report settlement proceeds and withheld his net worth from his IFP application signed under penalty of perjury, and such information demonstrates plaintiff's allegation of poverty was untrue, the undersigned could recommend dismissal of this action with prejudice. 28 U.S.C. § 1915(c)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.") But because plaintiff admitted his net worth in his deposition and in the declaration filed with his opposition herein, plaintiff does not appear to be presently attempting to hide his net worth from this court. Therefore, the undersigned exercises his discretion to recommend dismissal of this action without

prejudice. Such dismissal is an appropriate sanction because plaintiff must file a new action accompanied by a new application to proceed IFP (or pay the filing fee) based on his true assets at the time of such filing.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 42) be granted in part; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 26, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0520.mtd